932 F.2d 969
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donnie SAPP, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-3852.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1991.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Donnie Sapp filed a claim for benefits under the Social Security Act in which she attempted to establish that she was disabled due to a variety of physical problems. The administrative law judge to whom the case was assigned found that Sapp was not entitled to benefits. The Appeals Council upheld the decision of the administrative law judge and claimant sought review in the district court pursuant to 42 U.S.C. Sec. 405(g). The parties consented to trial before a magistrate who entered summary judgment for the Secretary. This appeal followed and the parties have briefed the issues. The parties have waived oral argument in this appeal.
 
 
 3
 Upon consideration, we find that the record and law support the district court's decision. There is substantial evidence in the record to support the finding that none of Donnie Sapp's infirmities was so severe as to be disabling under the Social Security Act. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 851 (6th Cir.1986). This is so even though the record contains some conflicting medical evidence. Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n. 4 (6th Cir.1986) (per curiam). We emphasize, as did the magistrate, that any claims Sapp may have for benefits after her fifty-fifth birthday should be the subject of a subsequent application.
 
 
 4
 Accordingly, the district court's decision is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.